Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Incyte Corporation and*
*Incyte Holdings Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INCYTE CORP. and INCYTE HOLDINGS CORP.,**<br><br>    **Plaintiffs,**<br> **v.**<br><br>**ALKEM LABORATORIES LTD. and ASCEND LABORATORIES, LLC,**<br><br>    **Defendants.** | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (together, "Incyte"), by their undersigned attorneys, for their Complaint against Defendants Alkem Laboratories Ltd. ("Alkem") and Ascend Laboratories, LLC ("Ascend") (collectively, "Defendants"), hereby allege as follows:

### Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq*., arising from Alkem's submission of Abbreviated New Drug Application ("ANDA") No. 221191 ("Alkem's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell,

and/or sell a generic version of Incyte's Jakafi® (ruxolitinib) drug product, 5 mg, 10 mg, 15 mg, 20 mg, and 25 mg tablets, prior to the expiration of United States Patent Nos. 8,722,693 (the "'693 patent"); 8,822,481 (the "'481 patent"); and 8,829,013 (the "'013 patent") (collectively, the "patents-in-suit"). The patents-in-suit are owned by Incyte Corporation and/or Incyte Holdings Corporation.

### The Parties

2.    Plaintiff Incyte Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

3.    Plaintiff Incyte Holdings Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

4.    On information and belief, Defendant Alkem Laboratories Ltd. is a corporation organized and existing under the laws of India, having a place of business at Devashish Building, Alkem House, Senapati Bapat Road, Lower Parel, Mumbai, 400 013, Maharashtra, India.

5.    On information and belief, Defendant Ascend Laboratories, LLC is a corporation organized and existing under the laws of New Jersey, having a place of business at 135 Rt 202/206, Suite 15, Bedminster NJ 07921. Upon information and belief, Ascend is a wholly owned subsidiary of Alkem and is an agent of Alkem in the United States.

6.    On information and belief, Alkem, together with its subsidiaries (including Ascend), develops, manufactures, and markets pharmaceutical products for distribution in the District of New Jersey, throughout the United States, Europe, and internationally.

**The Patents-in-Suit**

7.       On May 13, 2014, the USPTO duly and lawfully issued the '693 patent, entitled, "Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile." A copy of the '693 patent is attached hereto as Exhibit A.

8.       On September 2, 2014, the USPTO duly and lawfully issued the '481 patent, entitled, "Salts of the janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-d] pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile." A copy of the '481 patent is attached hereto as Exhibit B.

9.       On September 9, 2014, the USPTO duly and lawfully issued the '013 patent, entitled, "Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-D]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile." A copy of the '013 patent is attached hereto as Exhibit C.

**The Jakafi® Drug Product**

10.       Incyte Corporation holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a) for Jakafi® (ruxolitinib) (NDA No. 202192).

11.       Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Jakafi®.

12.       The FDA-approved prescribing information for Jakafi® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Jakafi® according to one or more of the methods claimed in the patents-in-suit.

## **Jurisdiction and Venue**

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

14.     This Court has personal jurisdiction over Alkem by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

15.     On information and belief, Alkem purposefully has conducted and continues to conduct business in this Judicial District.

16.     On information and belief, Alkem is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

17.     This Court has personal jurisdiction over Alkem pursuant to Federal Rule of Civil Procedure 4(k)(2), including because (a) Incyte's claims arise under federal law; (b) Alkem is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Alkem has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Alkem satisfies due process.

18.     On information and belief, Alkem submitted ANDA No. 221191 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug product that is the subject of Alkem's ANDA ("Alkem's Proposed Products"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patents-in-suit.

19.     On information and belief, this Judicial District is a likely destination for

Alkem's Proposed Products.

20.     On information and belief, Alkem intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Alkem's Proposed Products.

21.     Alkem has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA submissions and has filed counterclaims in such cases. *See, e.g., Axsome Malta Ltd., et al v. Alkem Laboratories Ltd.,* Civil Action No. 25-cv-14694 (D.N.J.); *Janssen Pharmaceuticals, Inc., et al v. Alkem Laboratories Ltd.,* Civil Action No. 23-cv-02939 (D.N.J); *Arbor Pharmaceuticals, LLC v. Alkem Labs. Ltd.,* Civil Action No. 22-cv-0143 (D.N.J.); *AstraZeneca Pharmaceuticals LP, et al. v. Alkem Laboratories Ltd.,* Civil Action No. 18-cv-16399 (D.N.J); *Valeant Pharm. N. Am. LLC v. Alkem Labs. Ltd.,* Civil Action No. 18-cv-13905 (D.N.J.); *Celgene Corp. v. Alkem Labs. Ltd.,* Civil Action No. 18-cv-11265 (D.N.J.). Alkem has purposefully availed itself of the rights, benefits, and privileges of New Jersey by asserting counterclaims in this Court.

22.     On information and belief, Alkem, through its subsidiaries and various agents (including Ascend), is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0400132325.

23.     Venue is proper in this Judicial District for Alkem pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Alkem is a company organized and existing under the laws of India and may be sued in any judicial district.

24.     On information and belief, Ascend, either directly or indirectly through Alkem, is in the business of formulating, manufacturing, marketing, and selling generic prescription pharmaceutical drugs that it distributes in New Jersey and throughout the United States.

25.    On information and belief, Ascend is controlled and/or dominated by Alkem and acts at the direction and for the benefit of Alkem. Alkem describes Ascend as its "primary subsidiary" on its website. *See* https://www.alkemlabs.com/our-presence/us. Ascend states on its website that it is a "wholly owned subsidiary of "ThePharmaNetwork LLC, which is a subsidiary of S & B Holdings S.a.r.l., which is a wholly owned subsidiary of Alkem." *See* http://www.ascendlaboratories.com/Home/Background.

26.    This Court has personal jurisdiction over Ascend because Ascend is incorporated and maintains its primary place of business in New Jersey. Additionally, *inter alia*, Ascend has committed an act of patent infringement under 35 U.S.C. §271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, on information and belief, following approval of ANDA No. 221191, Ascend will, directly or through its affiliates including Alkem, distribute the proposed generic versions of the Jakafi® brand products described in ANDA No. 202192 in the United States, including in New Jersey, prior to the latest of the expiration dates of the '693, '481, and '013 patents.

27.    Exercising personal jurisdiction over Ascend in this District is reasonable given Ascend's contacts in this District and the interest of this District in resolving disputes related to products to be sold herein.

28.    This Court also has personal jurisdiction over Ascend because Ascend has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. On information and belief, Ascend regularly and continuously transacts business within New Jersey, either directly or through its affiliates—including Alkem—including by selling pharmaceutical products in New Jersey. On information

and belief, Ascend derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

29.     On information and belief, Ascend has substantial, continuous and systematic contacts with New Jersey, maintains its principal place of business in this Judicial District, is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0600158194, and is registered as a manufacturer and wholesaler with the New Jersey Department of Health under Registration No. 5003567.

30.     Venue in this District is proper for Ascend under 28 U.S.C. § 1400(b) because Ascend is incorporated under the laws of New Jersey. Venue is also proper for Ascend because Ascend has a regular and established place of business in this District and, on information and belief, participated in the preparation and submission of ANDA No. 221191 at its established place of business in New Jersey and therefore committed an act of infringement in this District. In addition, on information and belief, Ascend will commit further acts of infringement in this District, as alleged herein.

## Acts Giving Rise to This Suit

31.     Pursuant to Section 505 of the FFDCA, Alkem submitted ANDA No. 221191 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Alkem's Proposed Products, which are proposed generic versions of Incyte's approved Jakafi® products, before the patents-in-suit expire.

32.     On information and belief, following FDA approval of Alkem's ANDA, Alkem will make, use, sell, or offer to sell Alkem's Proposed Products throughout the United States, and/or import such generic products into the United States.

33.    On information and belief, following FDA approval of Alkem's ANDA, Alkem's Proposed Products will include prescribing information, similar to that for Jakafi®, that instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Alkem's Proposed Products according to one or more of the methods claimed in the patents-in-suit.

34.    On information and belief, in connection with the submission of ANDA No. 221191 as described above, Alkem provided written certifications to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Alkem's Paragraph IV Certifications"), alleging that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Alkem's ANDA.

35.    Alkem subsequently sent to Incyte written notice of Alkem's Paragraph IV Certifications for the patents-in-suit, alleging that the claims of those patents are invalid and/or will not be infringed by the activities described in Alkem's ANDA. Alkem's written notice to Incyte conveyed that Alkem seeks approval to market Alkem's Proposed Products before the patents-in-suit expire.

### Count I: Infringement of the '693 Patent

36.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

37.    Alkem's submission of ANDA No. 221191, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Alkem's Proposed Products prior to the expiration of the '693 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

38.      There is a justiciable controversy between the parties hereto as to the infringement of the '693 patent.

39.      Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will infringe one or more claims of the '693 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States.

40.      Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will induce infringement of one or more claims of the '693 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States. On information and belief, upon FDA approval of Alkem's ANDA, Defendants will intentionally encourage acts of direct infringement with knowledge of the '693 patent and knowledge that its acts are encouraging infringement.

41.      Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will contributorily infringe one or more claims of the '693 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States. On information and belief, Defendants have had and continue to have knowledge that Alkem's Proposed Products are especially adapted for a use that infringes one or more claims of the '693 patent and that there is no substantial non-infringing use for Alkem's Proposed Products.

42.      Incyte will be substantially and irreparably damaged and harmed if Defendants' infringement of the '693 patent is not enjoined.

43.      Incyte does not have an adequate remedy at law.

44.      This case is an exceptional one, and Incyte is entitled to an award of its

reasonable attorneys' fees under 35 U.S.C. § 285.

### Count II: Infringement of the '481 Patent

45.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

46.     Alkem's submission of ANDA No. 221191, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Alkem's Proposed Products prior to the expiration of the '481 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

47.     There is a justiciable controversy between the parties hereto as to the infringement of the '481 patent.

48.     Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will infringe one or more claims of the '481 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States.

49.     Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will induce infringement of one or more claims of the '481 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States. On information and belief, upon FDA approval of Alkem's ANDA, Defendants will intentionally encourage acts of direct infringement with knowledge of the '481 patent and knowledge that its acts are encouraging infringement.

50.     Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will contributorily infringe one or more claims of the '481 patent under 35 U.S.C. §

271(c) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States. On information and belief, Defendants have had and continue to have knowledge that Alkem's Proposed Products are especially adapted for a use that infringes one or more claims of the '481 patent and that there is no substantial non-infringing use for Alkem's Proposed Products.

51.     Incyte will be substantially and irreparably damaged and harmed if Defendants' infringement of the '481 patent is not enjoined.

52.     Incyte does not have an adequate remedy at law.

53.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '013 Patent

54.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

55.     Alkem's submission of ANDA No. 221191, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Alkem's Proposed Products prior to the expiration of the '013 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

56.     There is a justiciable controversy between the parties hereto as to the infringement of the '013 patent.

57.     Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will infringe one or more claims of the '013 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United

States.

58.       Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will induce infringement of one or more claims of the '013 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States. On information and belief, upon FDA approval of Alkem's ANDA, Defendants will intentionally encourage acts of direct infringement with knowledge of the '013 patent and knowledge that its acts are encouraging infringement.

59.       Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Defendants will contributorily infringe one or more claims of the '013 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Alkem's Proposed Products in the United States. On information and belief, Defendants have had and continue to have knowledge that Alkem's Proposed Products are especially adapted for a use that infringes one or more claims of the '013 patent and that there is no substantial non-infringing use for Alkem's Proposed Products.

60.       Incyte will be substantially and irreparably damaged and harmed if Defendants' infringement of the '013 patent is not enjoined.

61.       Incyte does not have an adequate remedy at law.

62.       This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Incyte respectfully request the following relief:

(A)       A Judgment that Defendants have infringed the patents-in-suit by submitting ANDA No. 221191 with the accompanying Paragraph IV Certifications and notice to Incyte of

same;

(B)      A Judgment that Defendants have infringed, and that Defendants' making, using, selling, offering to sell, and/or importing Alkem's Proposed Products will infringe one or more claims of the patents-in-suit;

(C)      An Order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of FDA approval of ANDA No. 221191 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(D)      Preliminary and permanent injunctions enjoining Defendants and their officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, and/or importing Alkem's Proposed Products until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E)      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(F)      A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Alkem's Proposed Products will directly infringe, induce infringement of, and/or contribute to infringement of the patents-in-suit;

(G)      To the extent that Defendants, their officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, have committed any acts with respect to the

subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H)    If Defendants, their officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Alkem's Proposed Products prior to the expiration of the patents-in-suit, a Judgment awarding damages to Incyte resulting from such infringement, together with interest;

(I)    A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J)    A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K)    A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L)    Such further and other relief as this Court may deem just and proper.

Dated:  March 5, 2026    By: _s/ Charles M. Lizza_
            Charles M. Lizza
            Sarah A. Sullivan
            Alexander L. Callo
            SAUL EWING LLP
            One Riverfront Plaza, Suite 1520
            Newark, New Jersey 07102-5426
            (973) 286-6700
            clizza@saul.com
            sarah.sullivan@saul.com
            alexander.callo@saul.com

OF COUNSEL:
Corrin N. Drakulich
Christina Brown-Marshall
FISH & RICHARDSON P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
(404) 892-5005
drakulich@fr.com
brown-marshall@fr.com

Douglas E. McCann
Robert M. Oakes
Gregory R. Booker
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
dmccann@fr.com
oakes@fr.com
booker@fr.com

Deanna Reichel
FISH & RICHARDSON P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
(612) 335-5070
reichel@fr.com

Caitlin M. Dean
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
(212) 765-5070
cdean@fr.com

*Attorneys for Plaintiffs Incyte Corporation and Incyte Holdings Corporation*

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1</u>

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, to the best of my knowledge, that this matter is related to *Incyte Corp., et al. v. Apotex Inc.*, No. 24-4366 (CPO)(MJS) (D.N.J.) (consolidated); *Incyte Corp., et al. v. Sun Pharmaceutical Industries, Inc., et al*, No. 25-13225 (CPO)(MJS) (D.N.J.); *Incyte Corp., et al. v. Eugia Pharma Specialities Ltd., et al.*, No. 25-17833 (CPO)(MJS); *Incyte Corp., et al. v. Hikma Pharmaceuticals USA Inc.,* No. 25-1859 (CPO)(MJS), *Incyte Corp., et al. v. Granules India Ltd.*, No. 25-13227 (CPO)(MJS) (D.N.J.), and *Incyte Corp., et al. v. Dr. Reddy's Laboratories, Inc., et al.,* No. 25-17832 (CPO)(MJS) because each of the foregoing cases involves or involved the same Plaintiffs and overlapping patents-in-suit, and because Defendants are seeking FDA approval to sell a generic version of the same drug product.

I further certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


Dated:  March 5, 2026          By:   s/ Charles M. Lizza
                                         Charles M. Lizza
                                         Sarah A. Sullivan
                                         Alexander L. Callo
                                         SAUL EWING LLP
                                         One Riverfront Plaza, Suite 1520
                                         Newark, New Jersey 07102-5426
                                         (973) 286-6700
                                         clizza@saul.com
                                         sarah.sullivan@saul.com
                                         alexander.callo@saul.com

                                         *Attorneys for Plaintiffs Incyte Corporation and*
                                         *Incyte Holdings Corporation*